IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-02384-WYD-BNB

MICHAEL A COLLINS, individually

Plaintiff,

v.

MIDLAND FUNDING LLC
MIDLAND CREDIT MANAGEMENT, INC. and
FARRELL & SELDIN,

Defendants.

_____

**ORDER**
_____

This matter arises on the following motions:

1. The plaintiff's **Motion for Leave to Amend His Verified Complaint** [Doc. #17, filed 11/06/2009] (the "Motion to Amend");

2. The **Motion to Dismiss or, Alternatively, to Stay Pending Arbitration** [Doc. #5, filed 10/09/2009] ("Midland's Motion"), filed on behalf of defendants Midland Funding LLC and Midland Credit Management, Inc. (collectively "Midland").; and

3. **Farrell & Seldin's Motion to Dismiss with Prejudice Pursuant to Fed. R. Civ. P. Rules 8(a), 9(b), and 12(b)(6)** [Doc. #8, filed 10/14/2009] ("Farrell & Seldin's Motion").

The plaintiff is proceeding *pro se*. He filed his initial Complaint in the Arapahoe County District Court, and the case was removed to this court on October 6, 2009. The defendants have moved to dismiss the Complaint. The plaintiff seeks leave to amend his Complaint.

Rule 15, Fed. R. Civ. P., provides that a complaint may be amended once as a matter of course if a responsive pleading has not been served. Fed. R. Civ. P. 15(a)(1)(A). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Id. at 15(a)(2).

The defendants have not filed a responsive pleading in this action.[1]  Consequently, the plaintiff is entitled to amend his Complaint as a matter of course.

Farrell & Seldin's Motion is directed to the initial Complaint, which has no continuing vitality. Consequently, Farrell & Seldin's Motion is denied without prejudice, with leave to renew the arguments in response to the plaintiff's Amended Verified Complaint if appropriate.

Midland seeks to either dismiss the Complaint or stay the action based on an arbitration clause allegedly contained in an agreement which underlies the plaintiff's claims. Midland's Motion suffers from problems which must be corrected before it can be addressed on the merits.

Midland relies on a "Cardmember Agreement" in support of its argument. *Midland's Motion*, Exhibit A. Exhibit A is an eight-to-one minimization of a document. The words of Exhibit A are impossible to read--even under a magnifying glass. In addition, Midland has failed to lay a foundation for the exhibit, failed to establish its authenticity, and failed to establish that it is not precluded from consideration as hearsay. Finally, Midland states that "[u]nder Colorado law, a valid and unwaived arbitration clause deprives the court of subject matter jurisdiction," *Midland Motion*, p. 3 n.2, but it fails to establish that the Cardmember Agreement is to be interpreted under Colorado law.

---

[1] Defendants' motions to dismiss are not responsive pleadings. Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985).

IT IS ORDERED that the Motion to Amend is GRANTED. The Clerk of the Court is directed to accept for filing the Amended Verified Complaint [Doc. # 17-2].

IT IS FURTHER ORDERED that Farrell & Seldin's Motion is DENIED without prejudice.

IT IS FURTHER ORDERED that Midland's Motion is DENIED without prejudice.

Dated November 10, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge